ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 7 2015

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

UNITED STATES OF AMERICA

v.                                                                  No. 4:15-CR-152-A

PHILLIP SCHENCK (07)

FACTUAL RESUME

INDICTMENT:   Count One: Conspiracy to Possess with Intent to Distribute a
Controlled Substance (methamphetamine) (in violation of
21 U.S.C. § 846, and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B))

PENALTY:   $5,000,000 fine - not less than 5 years imprisonment and not more than 40 years imprisonment, or both such fine and imprisonment, plus a term of supervised release of not less than 4 years.

MAXIMUM PENALTY:
$5,000,000 fine and not less than five (5) years nor more than forty (40) years imprisonment, plus a term of supervised release of not less than 4 years. If the defendant violates any condition of supervised release, the Court may revoke such term of supervised release and require the defendant to serve an additional period of confinement. Further the Court must impose a Mandatory Special Assessment of $100.00.

ELEMENTS OF THE OFFENSE:
The essential elements which must be proved beyond a reasonable doubt in order to establish the offenses charged in Count One of the Indictment are as follows:

First:   That two or more persons, directly or indirectly, reached an agreement to distribute or possess with intent to distribute a controlled substance, as charged in the indictment;

Second:   That the defendant knew of the unlawful purpose of the agreement;

Third:   That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

Factual Resume - Page 1

Fourth: That the overall scope of the conspiracy involved at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

STIPULATED FACTS:

From approximately May 2013 to approximately May 2014, Eric Lee Summers and Celeste Monte Blair often working together, received multi-ounce quantities of methamphetamine usually on consignment from numerous people, such as Phillip Schenck. Philliph Schneck in turn received his methamphetamine from another person that he himself usually acquired on consignment as well. In this manner, Celeste Monet Blair, Eric Lee Summers, and Phillip Schenck, conspired with each other and others to possess with intent to distribute more than 50 grams of methamphetamine.

SIGNED this _22_ day of ____July____, 2015.

_____  
PHILLIP SCHENCK  
Defendant

_____  
CHRIS WOODWARD  
Counsel for Defendant